CLAUDIO CAPÓ Y CAPÓ, demandante y apelante, *v.* JORGE ROMANÍ, demandado y apelado.

No. 4826.—*Sometido:* Diciembre 11, 1929. *Resuelto:* Noviembre 4, 1930.

*D. Pellón Jr.* y *A. Ayuso,* abogados del apelante; *M. Tous Soto,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El demandante en una acción reivindicatoria alegó que los bienes valían quinientos dólares. La demanda fué radicada en la corte de distrito el 10 de junio de 1926. La prueba documental aportada durante el juicio demostró que la finca fué tasada para fines de contribución en la suma de $570, en 9 de julio de 1926.

El caso fué sometido por alegatos. El juez de distrito, a iniciativa propia, desestimó la causa por falta de jurisdicción. La corte municipal tiene jurisdicción "en todos los asuntos civiles. . . hasta la suma de quinientos dólares, intereses inclusive." Estatutos Revisados de 1911, sección 1173. Cuando el valor de la finca en controversia no excede de quinientos dólares y la súplica, como en el presente caso, es para recobrar la posesión solamente, la acción debe ser entablada ante una corte municipal.

En una acción para recobrar una parcela específica de terreno la demanda es prueba *prima facie* de valor. No es concluyente sobre ese punto. En ausencia de una excepción previa y después de la presentación de prueba, el valor real,

y no el alegado, es el que rige en lo que a la jurisdicción se refiere. 15 C. J., página 750, secciones 51 *et seq.*

En el presente caso no hubo variación material entre las alegaciones y la prueba. La alegación de que la finca valía quinientos dólares no niega necesariamente la idea de que ésta valiera más de quinientos dólares. El objeto de la alegación era demostrar que la corte de distrito tenía jurisdicción. Si el error se debió a una impresión errónea respecto a la suma jurisdiccional exacta, a un *lapsus linguae* en el dictado, o a una omisión de parte del taquígrafo, ello no es importante. El demandado no fué inducido a error en forma alguna en su propio perjuicio. No levantó ninguna cuestión de incongruencia (*variance*). No se opuso a la jurisdicción, de la corte. No compareció a la vista en apelación ni ha radicado alegato. La jurisdicción de la corte de distrito quedó suficientemente establecida mediante una certificación librada por el Departamento de Hacienda, presentada como prueba, obviamente, para ese fin, sin objeción por parte del demandado. El juez de distrito debió haber resuelto el caso sobre los méritos.

*La sentencia apelada debe ser revocada.*

El Juez Asociado Señor Texidor no intervino.